BRADLEY, Presiding Judge.
This case involves a pay raise dispute between the Greene County Board of Education and various teachers and staff personnel.
In 1984 the Alabama legislature enacted a statute which granted a fifteen percent cost-of-living increase to various school personnel. Among the school personnel to whom the increase was granted were various kindergarten teachers, fulltime kindergarten support personnel, and bus drivers.
The Greene County Board of Education (hereinafter the Board) subsequently granted some of the teachers and other personnel at Mt. Hebron and Eutaw the statutorily mandated cost-of-living increases, but refused to grant pay increases to others. Some of the personnel who were not granted cost-of-living increases subsequently brought suit against the Board seeking declaratory relief as well as “preliminary and permanent injunctions restraining and enjoining the named defendants from failing *265 and refusing to award plaintiffs 15% salary-increase.”
On February 26, 1985 the Board moved for summary judgment against all of the plaintiffs. The plaintiffs filed a cross-motion for summary judgment on April 10, 1985. The trial court thereafter partially granted the plaintiffs’ motion for summary judgment with respect to full-time support personnel who worked for both preschool and kindergarten programs. The trial court, however, held that those county school employees who were full-time support personnel who worked only in the preschool program were not entitled to a cost-of-living increase.
The plaintiffs thereafter requested leave of court to amend their complaint and add additional parties. The trial court granted the motion on December 17, 1985. At the time of trial the plaintiffs in the case seeking the cost-of-living increases included Ollie M. Adams, Brenda J. Allen, Shirley Austin, Bernice P. Barnes, Doretha Brown, Edna B. Chambers, Lee Ethel Childs, Sarah Brewer, Carrie L. Coleman, Henrietta B. Cox, Mary H. Harris, Ida B. Ellis, Muggie King, Joyce Henley, Edith M. Posey, Marilyn Sanford, Velma Smith, and Ethel Thomas.
On Friday, June 27, 1986, the case was heard by the trial court sitting without a jury. At the close of the evidence the court took the plaintiffs’ case under advisement and later issued its order. The trial court ruled, on July 21,1986, that plaintiffs Smith, Austin, Coleman, and Ellis were entitled to a cost-of-living increase because they were full-time employees who worked with both preschool and kindergarten grades. The trial court also ruled that plaintiff Sanford was entitled to a cost-of-living raise because she was a full-time secretary who assisted both preschool and kindergarten grades. Likewise, the trial court ruled that plaintiffs Henley and Childs were so entitled because they were both full-time employees who assisted preschool and kindergarten grades. The trial court, however, ruled that plaintiffs Adams, Allen, Barnes, Brown, Chambers, Brewer, Cox, Harris, King, Posey, and Thomas were not entitled to a cost-of-living raise because they were primarily employed either as teachers or teachers’ aides in the preschool program.
From this judgment the losing plaintiffs appeal and assert that the trial court failed to recognize that the employees who worked as teachers or teachers’ aides for the preschool program were, in fact, part of the kindergarten program.
The specific statutory language states:
“It is the intent of the Legislature that the State Board of Education and all local boards of education shall provide all teaching and full-time support personnel ... employed at K-12 levels ... at least a 15 percent cost-of-living raise for 1984-85 above their 1983-84 salary.”
1984 Ala.Acts 478.
The legislature has also previously manifested an intent that kindergartens should include “children from five to eight years old.” See, § 16-8-41, Code 1975. Also, there was testimony in the present case that the Board considered its kindergarten to consist only of five-year-olds.
The facts in the present case show that the plaintiffs were either teachers or support personnel employed by the Greene County School Board and who worked at either Mt. Hebron or the Eutaw center. Four of the plaintiffs were full-time kindergarten teachers, while several others taught kindergarten classes part of the year. Several of the plaintiffs were shown to be full-time support persons at the kindergarten level. All of these plaintiffs were determined by the trial court to be within the meaning of Act 84-478 and thus entitled to the cost-of-living raise.
The evidence reveals that all other plaintiffs worked primarily with preschoolers, a classification which was comprised of three- and four-year-olds rather than five-year-olds. For this reason the trial court held that these plaintiffs were not “teaching [or] full-time support personnel ... employed at [the kindergarten level].” The trial court, therefore, held that these plaintiffs were not entitled to a cost-of-living raise.
*266 The court found that those plaintiffs who were shown to work with five-year-olds either as teachers or full-time support personnel were entitled to a cost-of-living raise. The court further found that the plaintiffs who worked primarily with preschoolers, i.e. three- and four-year-olds, were not entitled to receive the cost-of-living raise. The court considered these plaintiffs to be without the purview of the legislative mandate as expressed in Act 84-478. We agree with the trial court and affirm its judgment.
AFFIRMED.
HOLMES and INGRAM, JJ., concur.